Our next case is Agenda 8, Case 104-414, People of the State of Illinois v. John Naylor. Ms. Warnick, are you ready to proceed? Good morning, Your Honors. May it please the Court, my name is Kathleen Warnick and I represent the people of the State of Illinois, the Appellant in this case. In March of 2000, the defendant, John Naylor, was arrested for multiple narcotic felony offenses that he committed on the same date. His case did not go to trial until more than four years later, in August of 2004. He did testify on his own behalf, and after he testified, the State sought to introduce his prior conviction for aggravated battery from December 14, 1990. The trial judge in that case admitted it on the basis that it was within 10 years of this offense. On appeal, the appellate court noted that the defendant did not raise the issue in his motion for a new trial. However, they addressed the issue under plain error. The appellate court concluded that the evidence was closely balanced and that the trial court had erred. The appellate court concluded that it is the date of trial which should signify the end of 10 years for purposes of People v. Montgomery. The appellate court therefore reversed the defendant's convictions. The issue thus before this court, a case of first impression, is what date signifies the end of 10 years under People v. Montgomery. The people would contend that there are three primary considerations that this court should factor into their decision. The first is the version of the rule adopted by this court in Montgomery. The second is the purpose for which the evidence is admitted. And the third is the value that this court places in putting discretion in the hands of the trial judge. The people would submit that after a consideration of each of these factors, this court will come to the conclusion that the date of offense is a date which should be henceforth adopted in Illinois. As a threshold matter, most cases don't fall into this category. Most cases are well after 10 years, in which case neither of these dates will be relevant, or it's less than 10 years, in which case all four dates will be relevant. However, in this case, 10 years was mathematically over after the date of the offense, after the date of arrest, but before the defendant testified and obviously before his case went to trial. First, if we agree with you, counsel, understanding that Montgomery applies to civil cases as well as criminal cases, wouldn't we be setting up a different rule then? Because in a civil case, you don't have a date of an offense. That's correct, Your Honor. So you'd have, presumably, you would use the date of trial in a civil case. Well, I think there's many possibilities to answer that question. First of all, my question would be, what rule would make it consistent? A rule that would make it consistent could be a rule that applies the date of offense to the date for criminal defendants and the date of trial for other witnesses. However, should this court not desire that rule, another possibility, which the legislature has done in Tennessee, is to adopt the date of the onset of prosecution or onset of the action. And for them, they have determined that that applies to all witnesses. However, the state's position is that it's not necessary to have a rule which applies to criminal defendants as well as to witnesses otherwise situated. Is there any legitimacy to the argument that the time ought to be close to the time that the defendant testifies, which, after all, is the only reason for having the evidence introduced in the first place? Well, in the case, let's say, of a witness, a witness who has a prior conviction and then testifies to court, there is no intervening factors which affects that person's credibility. However, in the case of a criminal defendant, the fact that a defendant has allegedly committed offense and is arrested for an offense in between those two dates should necessarily factor into the question of, is he a credible witness? And it's simply, it doesn't, it's not in the interest of justice that where a case is over after the first two dates but before the second, that the trial judge should not be able to consider the fact that this defendant has a subsequent offense, because that offense is necessarily a part of the equation for admissibility under People v. Montgomery. In People v. Montgomery, this court adopted the proposed Rule 609A of the Federal Rules of Evidence. That's very, very important in this case, because under Paragraph B of the proposed rule, it defines 10 years as being the date from conviction or release from confinement, whichever is the later date. It is unlike the later enacted version of the Federal Rule of Evidence, which has language which allows a trial judge to still admit a prior conviction if the trial judge feels that that's in the interest of justice. The vast majority of states in the United States also share that same rule. They have language which allows a trial judge to admit a prior conviction, which is older than 10 years if circumstances warrant it. It's very important, because whatever rule this court decides to enact in this case, it must be cognizant of the fact that that means that there are no exceptions. The 10-year rule in Illinois has been regarded as a bright-line test, and therefore, however this court defines 10 years as written under the proposed Rule of Federal Evidence, there are no exceptions to the 10-year rule. The people would also suggest that this court look to the reason that this evidence is being admitted. The evidence of a prior conviction is admitted to determine whether it's probative of the defendant's credibility. And what does that mean? It means has this person been rehabilitated to a point where that prior conviction is no longer admissible? It has been said to represent a period of unquestioned good behavior. It has been said to be related to opportunity, the fact that the defendant is out, that he is in society, and that he is not committing further crimes. And that is what is relevant to his credibility. People v. McKay and People v. Farrell, very, very recently, actually it was decided after I wrote my opening brief, are instructive in this respect because they are the only Illinois cases that really correlate the Montgomery factors of the remoteness, the similarity offenses, the circumstances of the defendant to the use of the date of offense. A reading of People v. Montgomery makes it clear that when there is a subsequent offense, it is an inherent determination to deciding whether the prior conviction is probative. All those factors, the nearness and remoteness, the circumstances of defendant, the similarity of the two crimes, they inherently involve a weighing process, if you will, of the two offenses. So to not allow a judge to examine those factors is not probative of the defendant's credibility when he testifies. Finally, the language of Rule 609B is also very instructive. Because Rule 609B states that the 10-year period is examined from conviction or release from confinement. If the position of the appellate court and the position that defendant advocates were to be true, and it's the mere passage of time which determines 10 years, then there would be no reason to have the language or release from confinement. Clearly, that supports the position that it's the time the defendant is in society and not committing further crimes, which is relevant to his credibility in court. Counsel, if I may. Is there any indication in the record why this case took four years from commencement to trial? Well, there are a lot of indications. The people actually filed their answer to discovery within three months of the onset of the trial. There were many by agreement continuances, but in fact there were, I believe, something like 10 continuances where defense counsel asked for continuances to file his own answer. There was two BFWs in this case. There was a new private attorney three years after the start of the trial. Two BFWs. How long was the defendant? On one, he appeared later in the day, and on the other was, I think, a short amount of time. It wasn't significant. There was no protracted time in the BFW? No protracted time. No, none at all. But this case, and at the end of the case, actually, both the trial judge and the defense attorney actually apologized for the delay that this case had taken to go to trial. The final point is the discretion. The appellate court found reliance upon and defense looks to the case of People v. Montgomery to support their position. However, the people would submit that People v. Montgomery actually supports the state's position in this case. Montgomery was really a reaction to a bright-line test. The trial judge in People v. Montgomery had admitted a prior conviction into evidence that he really didn't believe was probative of the defendant's credibility because it had occurred so long ago. And so in People v. Montgomery, this court looked at this situation and it found a rule of law that answered this. And what that rule of law was dependent upon is the discretion of the trial court judge. Montgomery is all about discretion. There's multiple passages from Montgomery that talk about that the trial judge is in the best position to look at the parties, to weigh the credibility, to make this determination, how peculiar circumstances may exist. Montgomery talks to all of these things. There's nothing magical about 10 years. It's just a point in time. As a matter of fact, states have rules which do not involve 10 years. Some states follow five years for misdemeanors and 10 years for felonies. Some states use a 15-year rule. Some states don't let the prior convictions be admitted under any circumstances. And some states have absolutely no time limits. There's nothing magical about 10 years. However, 10 years as defined by this court will signify the absolute end. And the importance is to place the discretion in the hands of the trial judge so that if circumstances exist, if a defendant were to be absent for a considerable amount of time on a bond forfeiture warrant, if there's a delay in trial that's attributed to the defendant, whatever the circumstances are, it's important for Illinois in its unique position to adopt the date of offense because it is the only date which will give the trial judge the full array of circumstances to consider, and it's the date which will, in the final analysis, be most justiciable. The people would ask that this court reverse the ruling of the appellate court and affirm the defendant's convictions. Thank you, Ms. Warnock. Mr. Cassidy. May it please the court, counsel. My name is Patrick Cassidy. I represent the defendant, John Naylor, the appellee in this case. It seems clear from the state's argument in this court and in its reply brief that the state is now asking for this court to modify or overrule the rules set down in Montgomery. I'd like to first note that being as it is raised for the first time in reply, a request to change or overrule Montgomery has been forfeited. We have not briefed a response to that. Furthermore, this court has made it clear that since it wasn't raised in the PLA, it's also forfeited for that reason as well. The PLA argued that the appellate court erroneously interpreted Montgomery, and that's what we responded to. And this court has made it clear that when you argue an evidence rule has been erroneously interpreted in a PLA, you can't then turn around and argue for the abandonment of that rule. And so it's clear that the state disagrees with the rule, but I'd like to note that the fact that the federal provision has a provision for admitting convictions over 10 years old is not a reason to give broader discretion in Illinois under Montgomery because this court did not adopt the federal rule in Montgomery. And in People v. Yost in 1980, this court made it perfectly clear that we do not follow the federal rule. Our rule does not change with the federal rule, but we follow the rule adopted by this court in Montgomery. And so the fact that the federal rule has a different provision is a reason to insist on Montgomery's strict application in this state. And also I want to note that in Yost, when this court reaffirmed the Montgomery rule as opposed to any changes in the federal rule, that federal provision had been in effect for several years at that time. So here the question properly before this court is a question of interpretation of the rule adopted 37 years ago. The state offers multiple theories. Perhaps it prohibits impeaching with convictions more than 10 years old at a time of the date of offense, perhaps the date of arrest, or in its reply brief, perhaps the date of indictment. But these three competing theories are all contradicted by the plain language of the rule. That language is evidence of a conviction under this rule is not admissible if a period of more than 10 years has elapsed since the date of conviction or the release of the witness from confinement, whichever is the later date. The most natural reading of that is that conviction cannot be more than 10 years old at a time it's offered to impeach a witness's testimony, and if it is, then it is not admissible. That's the view consistent with the majority of appellate court decisions and the decisions in this court. Mr. Cassidy, do you agree that this is an issue of first impression? Apparently not. You said that you have overruled some cases. Is that what you're saying? No, I do not agree. Excuse me. Almost 30 years ago the appellate court was directly confronted with the position the state adopts here, that it's people of the elements. And in that case the trial court had allowed in a prior conviction for impeachment purposes because it was within the 10-year time bar, the time of the alleged offense, but not by the time of trial. And the appellate court said that is wrong. It's wrong. The Montgomery prescription dates from the time of release to the time of trial. And the state dismisses them. Has this court ever ruled on that issue? It has never been. This court has never been confronted with a case of where that would make a difference, time of offense or time of trial. This court, as I noted in our briefs, has consistently referred to the time of trial. But this court has not been confronted with it. We never analyzed the issue. We never analyzed the issue in Harvey or Cox. No, Your Honor. And I think. What about the argument that Ms. Warnick made regarding the fact that the defendant has some control over the time of trial? If we're getting close to that date, you know, how delaying the trial would delay even the possibility of the Montgomery factors being taken into account and the prior convictions being admitted? First of all, there was no suggestion in this case of any improper motives to delay. And certainly not for a motive to avoid the time bar. I'd like to note that the state didn't even bother trying to prove the defendant's release from confinement at trial here. If you recall, the state argued that he had been sentenced in 1990 to four years. The state argued that we could just presume that he'd served the four years and then it would have been within the time of trial. So the state, the prosecutor here, was clearly aware that it was the time of trial. It was the operative date. He didn't try to prove that release. It would be unlikely that he could. It's unlikely that he served a full four years of an aggravated battery sentence. I'm just talking generally. In general. From this point forward. Well, I think the trial courts are well-equipped to handle improper requests for delays on their docket. Certainly they are not required to grant a request if they conclude that the request is there just to avoid this time limit. Also, I'd like to point out that Montgomery. Counsel, are there numerous cases that have the end date as the time of trial? That refer to the end date as the time of trial? Very numerous cases. Many cases. Since that's become the position in Illinois. Time of trial. And some of the civil cases refer to the time of testimony or trial. That has become the predominant view of cases in Illinois. Time of trial. Mr. Cassidy, what about People v. Hampton? That's the date of the offense. And that was an 06 case, wasn't it? Well, there are some. I'm not so sure if I know People v. Hampton. There are some cases. I do point those out in my brief that have used the date of offense. I argue it's a predominant view in Illinois. But I don't disagree that there are some cases. Perhaps People v. Hampton, excuse me, but there may have been one of them. But the predominant view, as I said, is time of trial testimony. And that view is the view that's most consistent with Montgomery's rationale. Montgomery, as the state concedes, it measured its prior conviction in that case as in the time of trial, repeatedly referring to it as 21 years old. And the reason for that is Montgomery was focused on a testimonial credibility, the potential for testimony deception. So Montgomery says, we see no rational relationship between a 21-year-old robbery conviction and the witness's present credibility. And Montgomery goes on to say, so we're of no support for the proposition that someone convicted 21 years ago would be more likely than someone not so convicted to testify falsely today. So Montgomery's focus was on the relevance of the prior conviction to the moment the witness testifies. And that focus was reiterated by this court in People v. Knowles, or excuse me, Knowles v. Panopoulos, which indicated that the rule applied to all witnesses. And in that case, it again was talking about the relevance of a prior conviction to when the witness takes a stand. Furthermore, Professors Wright and Gold identified the moment of testimony as the time for which to measure the age of a prior conviction under the rule as the only approach that makes sense from a policy standpoint, as well as Professor Weinstein arguing that the time of testimony is most appropriate because that's the point where the jury makes its credibility determination. We do have the fact that the appellate court reviewed this under a plain error analysis, finding the evidence closely balanced. Is that right? That's correct, Your Honor. Because this issue was not raised in a post-trial? Your Honor, while this issue was objected to at trial and was clearly in front of the trial court, counsel failed to include this in a post-trial motion. Do you want to, because I know the state disagrees and maybe Ms. Warnick can touch on the evidence a little bit, but do you want to touch upon why they were right in this case specifically on finding the evidence closely balanced? Absolutely, Your Honor. I'd first like to point out that we're not arguing at any time, we're not asking for an automatic rule at any time a defendant testifies and is erroneously impeached. It's automatically closely balanced evidence. We recognize that it's based on the facts of the case before it, and the appellate court recognized that in this case as well. And here it's undisputed that, you know, 10, 15 in the morning in a Chicago housing, multi-story residence, 20 enforcement officers descend on this residence making multiple arrests as part of this large drug interdiction raid. And arresting one of these people is Mr. Naylor, the defendant, and he's arrested not because these enforcement officers saw him do anything illegal but because they were operating under a description given to them, radioed to them. And on these facts, so none of these enforcement officers testified at trial. The only two officers that testified at trial were the ones who allegedly purchased narcotics from Mr. Naylor. And they identified him as the seller? That's correct, Your Honor. When he was outside the building later on, they identified Mr. Naylor as the seller. Now the State notes that there was a stipulation that the packets contained narcotics, but the only thing tying those packets to Mr. Naylor was the testimony of the purchasing officers. Was anything found on him? Well, the officers, well, we don't know because the State only chose to call the purchasing officers. Those officers testified that another officer gave them back the funds that they'd used to purchase the narcotics, but neither officer that testified witnessed that recovery. And for whatever reason, and again, Mr. Naylor is one of many people arrested that's undisputed. For whatever reason, the State chose not to call the officer, I believe it's Officer McKenna, who allegedly recovered those funds from Mr. Naylor. And given that choice by the State at trial, then the question for the trial court did indeed come down to a view of the credibility of the officers versus Mr. Naylor. Perhaps it did not have to be that way, but that's the way the State tried the case. So in that case, I think, and the appellate court correctly concluded then, given that it was a question of credibility, that the evidence was close. And the appellate court did say that we think the erroneous impeachment may have influenced the trial court's credibility determination. So we would ask that this court affirm that finding, that the evidence was close. And I'd also like to point out that the trial court not only admitted this prior conviction erroneously and over-objection, but actually went out of his own way to provide the basis for its admission. So, and that was just moments before the finding of guilty, so it only makes sense that he would do that because he was going to consider that conviction in his credibility determination. So again, the plain meaning of the Montgomery Rule, it's focused on testimony of credibility and the prevailing understanding in most decisions in the appellate court and in this court, and as well as the fact that the State's proposed interpretation has been rejected almost 30 years ago, points to the fact that the meaning of the rule is not reasonably in question. And as I said, now it seems the State seems to be arguing to overrule that rule and just seems to disagree with the rule's contents. We'd ask that this court not entertain the request to overrule Montgomery and instead apply the rule as it has existed for 37 years. One final thing I'd like to point out is, in answer to the question of how the State's proposed position would apply to witnesses other than a defendant, we'd argue that lower courts would have trouble applying a rule uniformly because most witnesses, there is no date of offense. And in its reply, the State notes that criminal defendants and witnesses who have not been charged with a subsequent intervening offense are not similarly situated. To me, that indicates that the State would believe that civil witnesses that had sometime been charged in the intervening years between their prior conviction and whatever trial they were testifying in, that the mere fact that they were charged would allow a conviction otherwise inadmissible because it had been more than 10 years old to be brought in. And if that's the case, that is a radical departure from the Montgomery rule. And it shows that this is not, the State's just not arguing a different interpretation but a different rule altogether. So if there are any other questions? For all those reasons, thank you. Thank you, Mr. Cassidy. Rebuttal, Ms. Wernick. Thank you. Just very briefly as to the closely balanced question, this was not a mere credibility determination. The appellate court concluded that the evidence was closely balanced because it was what they determined to be a credibility determination. This was two Chicago police officers who made separate independent purchases face-to-face, hand-to-hand with the defendant. They had their prerecorded funds, which they checked the serial numbers on, returned to them. The drugs were recovered from the defendant and they tested positive for heroin. The defendant, on the other hand, testified he was walking down the stairs and didn't remember what happened. The trial judge commented that the defendant said at least six times, I don't remember what happened. It is noteworthy that in the trial judge's conclusion and review of the evidence, he never stated that the prior conviction had been admitted. And therefore, this evidence was not closely balanced and the issue should not have been addressed by a plain error. As to the defendant's argument that the people... If the court agrees with that, and that isn't the reason we took the case, obviously, it's the next issue you're going to discuss, but we never get to that issue, do we? That's correct. As to the defendant's position that the people have somehow waived this issue, this is a case of first impression for this court. This court has never addressed this precise issue of how to interpret Montgomery, and the people have advocated from their PLA to their opening brief to their reply brief that it is the date of offense which should be adopted by this court. Any time 10 years expires after the date of arrest but before the date of trial, it is always going to be subject to trial manipulation. It's just a fact of life. The importance of choosing the date of offense is that it gives the court discretion. If this court were to adopt the date of trial or testimony, there could be the case where the people answer ready for trial and the defense asks for a continuance, and that continuance takes the case out of 10 years and there would be no recourse for the trial judge or for the people. This case is a good example of that. It took four years to go to trial, and should 10 years have elapsed after the arrest but before the date of trial or testimony that has nothing to do with the defendant's credibility. Could the court fashion a rule that said it was the date of trial lest any delay is attributable to the defendant? Based on the version of Rule 609 that was adopted by this court in Montgomery, I would submit that the answer would be no. It's generally been regarded as a bright-line test. All courts have interpreted it as a bright-line test without exceptions, and therefore it would be asking for a rule and then to move back and carve out exceptions. The benefit of the date of offense is it's proactive. It puts the decision in the hands of the trial judge and it allows the trial judge to make these determinations. It's very important to point out the date of offense could be far separated from the date of arrest. Yes, it could, Your Honor. And that is why the people submit that it is the date of offense. In this case, the date of offense and the date of arrest occurred on the same date. The same, but frequently they will not be. That's correct. And if this court were to adopt the date of offense, the advantage of that date is it allows the trial judge to consider all of the circumstances that may occur. It doesn't mean that a prior conviction has to be admitted. It really enables... Just so I'm clear, and then I'll leave you be. You're not advocating a bright-line rule, are you? I thought we were supposed to make considerations about what had happened. The people's position is that the 10-year rule is a bright-line rule. Therefore, only by adopting the date of offense will anything following that date be within the discretion of the trial judge to consider. So, yes, we believe 10 years is a bright-line test. With discretion after. Yes, that's correct. Which is a change, isn't it? No, I think that Montgomery entails an examination of the subsequent offense. In this case, if you had the discretion you talk about for the date of offense, wouldn't you have had the right to argue that a good part of the four years should have been attributable to you? The defendant could have argued that. The defendant didn't argue that. But in a case where 10 years is mathematically over after the offense and after the arrest, both the defense and the prosecution would argue the factors which way in favor or against admissibility. What about Mr. Cassidy's argument regarding witnesses, civil cases, where there isn't an offense? How would we handle that? Where there isn't an offense, the people's position is not that if there's a subsequent arrest, that should be admitted to impact the credibility of a witness. In People v. Montgomery, I think the language was clear that it was crafted to apply to criminal defendants. In Knowles v. Panopoulos, yes, this court said generally that prior conviction should be admitted to impeach the credibility of a witness, but it did not speak to Paragraph B of the rule. It said nothing about the time period. And in response to Justice Garmon's questions, it's very interesting that in Minnesota, Minnesota is a state which follows a date of offense, and in a subsequent case, Minnesota Supreme Court ruled that the rule should only apply to criminal defendants. And that ruling was, I think, eight or 10 years ago, and it's been applied successfully in Minnesota. And therefore, it could well work for Illinois. Just as a few final notes, the date of trial and the date of testimony, as Justice Fitzgerald pointed out, that would share the same problem. The date of trial is not always the date of testimony. The case could be where the defendant 10 years would elapse after the trial starts, but before the date of the testimony. What that shows is that the defendant's testimony itself or the date of testimony is by itself meaningless. In this case, had the defendant testified on December 13, 2000, that would have been within 10 years of the prior conviction. But the fact that he testified a few years later has no bearing on his credibility. It's what happened in between that has a bearing on his credibility. And just in final response to the proposition that this issue was somehow determined in People v. Montgomery, the fact that words or phrases refer to the date of trial, the date of testimony, is not dispositive of this rule. The approach followed by the appellate court and submitted by defense counsel in this case asked this court only to look backward and to rely upon words or phrases which conclude that the date of trial or the date of testimony should be adopted in Illinois. The people would submit that this court must adopt a rule which works for Illinois and a rule which allows the trial judge to address the equities of the situation as they may arise. And only the date of offense would do that. Thank you. Thank you, Ms. Warnick. Thank you, Mr. Cassidy. Case number 104-414, People of the State of Illinois v. John Naylor is taken under advisement as agenda number 8.